

FILED
10/7/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AUSA Erin Kelly (312) 886-9083

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DARNELL TREVON JORDAN | Case No.: 25 CR 645<br>MARIA VALDEZ<br>Magistrate Judge |

### AFFIDAVIT IN REMOVAL PROCEEDING

I, ALBERTO GALARZA, appearing before United States Magistrate Judge MARIA VALDEZ by telephone and being duly sworn under oath, state that as a federal law enforcement officer I have been informed that DARNELL TREVON JORDAN has been charged with a violation of supervised release in the Western District of Tennessee.

A copy of the arrest warrant is attached.

*Alberto Galarza*
ALBERTO GALARZA
Deputy U.S. Marshal
United States Marshals Service

SWORN TO AND AFFIRMED by telephone this 7th day of October, 2025.

*Maria Valdez*
MARIA VALDEZ
United States Magistrate Judge

Case 2:16-cr-20200-TLP Document 831 Filed 12/02/24 Page 2 of 7 PageID 6562
Case 1:25-mj-00015 Document #: 3 Filed: 10/02/25 Page 2 of 7 PageID #:2

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Tennessee

| United States of America | ) |
| v. | ) |
| | ) Case No. 2:16-CR-20200-12-TLP |
| DARNELL TREVON JORDAN | ) |
| USM # 30374-076 | ) |
| | ) |
| *Defendant* | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* DARNELL TREVON JORDAN USM # 30374-076 ,
who is accused of an offense or violation based on the following document filed with the court:

❐ Indictment ❐ Superseding Indictment ❐ Information ❐ Superseding Information ❐ Complaint
❐ Probation Violation Petition ☑ Supervised Release Violation Petition ❐ Violation Notice ❐ Order of the Court

This offense is briefly described as follows:

    18 U.S.C. § 3583    SUPERVISED RELEASE VIOLATION

Date: 12/02/2024

                                                                             *Issuing officer's signature*

City and state: Memphis, TN                 Wendy R. Oliver, Clerk, U. S. District Court
                                                                                *Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

                                                                        *Arresting officer's signature*

                                                                       *Printed name and title*

PROB 12C
(9/17)

# United States District Court
## for the
## Western District of Tennessee
## Petition for Warrant or Summons for Offender under Supervision

Name of Offender:  Darnell Trevon Jordan      Docket No. 2:16CR20200-012

Name of Sentencing Judicial Officer:   The Honorable Thomas L. Parker, United States District Judge

Date of Original Sentence:  05/10/2022

Original Offense:   Count 1: Racketeering Conspiracy, 18 U.S.C. § 1962(d); Count 8: Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, Aiding and Abetting, 18 U.S.C. § § 924(c) and 2

| | |
|---|---|
| Original Sentence:  Imprisonment: 2 days; TSR: 60 months | Type of Supervision:  Supervised Release |
| Assistant U.S. Attorney: Kevin Patrick Whitmore and Raney L. Irwin<br>Reassigned to:  Raney L. Irwin | Date Supervision Commenced: 05/10/2022 |
| Defense Attorney:  Terrell L. Tooten | Date Supervision Expires:  05/09/2027 |

## PETITIONING THE COURT

☒ **To issue a warrant**
☐ **To issue a summons**
☐ **To grant an exception to revocation without a hearing**

The probation officer believes that the offender has violated the following condition (s) of supervision:

| Violation | Nature of Non-Compliance |
|---|---|

1. **The defendant must not unlawfully possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance.** On May 17, 2022, Mr. Jordan signed an admission report indicating that he used marijuana on May 14, 2022. Further, on January 2, 2024, Mr. Jordan signed an admission report indicating that he used marijuana two weeks prior. On March 19, 2024, Mr. Jordan signed an admission report indicating that he used marijuana on March 18, 2024. Additionally, on June 26, 2024, Mr. Jordan submitted a urine specimen that tested positive for marijuana. This conduct constitutes a Grade C violation of supervised release.

2. **The defendant shall participate in drug testing and treatment as directed by the probation officer.** On April 3, 2024, May 21, 2024, May 22, 2024, and July 5, 2024, Mr. Jordan failed to report for random drug screens as instructed. This conduct constitutes a Grade C violation of supervised release.

Prob 12C
RE: Jordan, Darnell Trevon
2:16CR20200-012

3. **The defendant shall not commit another federal, state or local crime**. On or about November 9, 2024, in Southaven, Mississippi, Mr. Jordan committed the offenses of Driving Under Influence of Other Substance 1st, in violation of Mississippi Code Annotated (M.C.A.) 63-11-30(1)(B); Obstructing Public Street/Highway, in violation of M.C.A 97-35-25; and Weapon/Possession of by Felon, in violation of M.C.A 97-37-5. Evidence in support of these charges includes an incident report. On November 9, 2024, officers with the Southaven Police Department (SPD) observed the driver of a vehicle later identified as Darnell Jordan and passenger later identified as Davionte Stewart asleep inside the vehicle stopped at a light. The officers observed the vehicle to still be in drive and positioned their vehicle in front to attempt to block it. The officers knocked on the window and ordered Mr. Jordan out the vehicle. Mr. Jordan woke up, appeared to be confused about where he was and began to try to put the vehicle in drive. The officers provided Mr. Jordan with verbal commands to show his hands, at which time he began to reach in between the seat of the center console, where the officers observed a black handgun. Mr. Jordan was taken out of the car without incident and was detained. The passenger Mr. Stewart was observed with a larger quantity of what appeared to be tetrahydrocannabinol (THC)-infused gummies in a plastic baggie, sitting in his lap. Mr. Stewart was then taken out of the vehicle and detained. A search revealed a black Ruger located in between the driver's seat and center console; a fully loaded Glock-23 located in the pocket of Mr. Stewart; a red backpack containing 33 grams of marijuana; and 66 grams of what appeared to be THC infused gummies located on the floor of the passenger seat. Mr. Jordan and Mr. Stewart were then mirandized and questioned. Mr. Jordan denied all standardized field sobriety testing, answering any questions, and requested a lawyer. Mr. Stewart admitted to owning the backpack with all the drugs and both weapons inside the vehicle. A check revealed Mr. Jordan had multiple felony convictions. Mr. Jordan and Mr. Stewart were taken into custody. This conduct constitutes a Grade B and C violation of supervised release.

4. **The defendant must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.** On or about November 9, 2024, Mr. Jordan traveled to Southaven, Mississippi, without the permission of the Court or the probation officer. This conduct constitutes a Grade C violation of supervised release.

5. **The defendant agrees to participate in the Western District of Tennessee Drug Court Program. The defendant agrees to follow all rules and directives of the program until such time of successful completion or judicial release/termination** (Request for Modifying the Conditions or Term of Supervision). Mr. Jordan failed to comply with the rules of the Western District of Tennessee Drug Court; namely, use of illegal substances, not appearing for random drug screens, lack of engagement in treatment resources, and new criminal conduct. He began participating in the Western District of Tennessee Drug Court on August 13, 2024, and due to continuous noncompliant behavior, he was unsuccessfully discharged from the program on November 19, 2024. While in the program, Mr. Jordan tested positive for the use of marijuana on three (3) occasions. Additionally, he failed to appear for a drug test. This conduct constitutes a Grade C violation of supervised release.

**Prob 12C**
RE: Jordan, Darnell Trevon
2:16CR20200-012

U.S. Probation Officer Recommendation:
☒ The term of supervision should be
    ☒ Revoked.
    ☐ Extended for ˍ years, for a total term of ˍ years.
    ☐ Continued based upon the exception to revocation under 18 USC §3563(e) or 3583(d).
    ☐ The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    December 2, 2024

s/Arquita Bonner

U.S. Probation Officer

Approved:

s/Loretta Fleming      December 2, 2024

Supervising U.S. Probation Officer      Date

---

**THE COURT ORDERS:**

☐ No Action
☒ Issue of an arrest warrant
☐ Issue a Summons
☐ The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
☐ Other

The signed Probation Form 12C (Petition for Action), as well as the warrant for arrest, is to be filed under seal in the Electronic Case File (ECF) system until such time as the warrant is executed.

s/ Thomas L. Parker

Signature of Judicial Officer

Date:    December 2, 2024

Prob 12C  
RE: Jordan, Darnell Trevon  
2:16CR20200-012

# VIOLATION WORKSHEET

1. Defendant:     Jordan, Darnell Trevon
2. Docket Number (Year-Sequence-Defendant-Defendant No.):    2:16CR20200 - 012
3. District/Office:    Western District of Tennessee (Memphis)
4. Original Sentence Date:     05/10/2022

*(if different than above):*
5. Original District/Office:
6. Original Docket Number (Year-Sequence-Defendant-Defendant No.):

7. List each violation and determine the applicable grade (see § 7B1.1(a)):

| Violations(s) | Grade |
|---|---|
| The defendant must not unlawfully possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. | C |
| The defendant shall participate in drug testing and treatment as directed by the probation officer. | C |
| The defendant shall not commit another federal, state or local crime. (Driving Under Influence of Other Substance 1st and Obstructing Public Street/Highway) | C |
| The defendant shall not commit another federal, state or local crime. (Weapon/Possession of by Felon) | B |
| The defendant must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer. | C |
| The defendant agrees to participate in the Western District of Tennessee Drug Court Program. The defendant agrees to follow all rules and directives of the program until such time of successful completion or judicial release/termination. | C |

8. Most Serious Grade of Violation (see § 7B1.1(b)):     **B**
9. Criminal History Category (see § 7B1.4(a)):     **I**

10. Range of Imprisonment (see § 7B1.4(a))     **\*4-10 months**

*Being originally convicted of a Class A and C felony, the aggregate statutory maximum term of imprisonment is 84 months (60 months for the Class A felony and 24 months for the Class C Felony); 18 U.S.C. §§3583(e)(3) and 3584.

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

(**X**) (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c) (1) provides sentencing options to imprisonment.
( ) (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c) (2) provides sentencing options to imprisonment.
( ) (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

      **Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.**
      **Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

**Prob 12C**
**RE: Jordan, Darnell Trevon**
**2:16CR20200-012**

Defendant: <u>Jordan, Darnell Trevon</u>　　Docket No.: <u>0651 2:16CR20200 - 012</u>

12. Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

| | |
|---|---|
| Restitution ($): | Community Confinement: |
| Fine ($): | Home Detention: |
| Other: | Intermittent Confinement: |

13. Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3(see §§7B1.3(g)(1)).

　　　　　　　　　　　　　　　　　Term: _ to _ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment

14. Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment

15. Official Detention Adjustment (see §7B1.3(e)):　　Months: _　Days:

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**